STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>OZEAN GROUP, a business entity of unknown origin and nature; and THOMAS WAHL, an individual,<br><br>Defendants. | Case No.: 2:10-cv-0798<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Ozean Group ("Ozean") and Thomas Wahl ("Mr. Wahl;" collectively with Ozean known herein as the "Defendants"), on information and belief:

### NATURE OF ACTION

1. This is an action for copyright infringement pursuant to 17 U.S.C. §501.

1

**PARTIES**

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. Ozean is, and has been at all times relevant to this lawsuit, a business entity of unknown origin and nature.

5. Ozean is, and has been at all times relevant to this lawsuit, identified by the current registrar, Namebargain.com ("Namebargain"), as a registrant, administrative contact, and technical contact of the Internet domain found at <hotelnewsresource.com> (the "Domain").

6. Mr. Wahl is, and has been at all times relevant to this lawsuit, identified by Namebargain as a registrant, administrative contact, and technical contact for the Domain.

7. As of May 25, 2010, Mr. Wahl is, and has been at all times relevant to this lawsuit, identified as the founder of www.hotelnewsresource.com (the "Website"), on the Website.

8. As of May 24, 2010, Mr. Wahl is, and has been at all times relevant to this lawsuit, identified as the "Owner, Ozean Group," as evidenced by Mr. Wahl's LinkedIn webpage, attached hereto as Exhibit 1.

**JURISDICTION**

9. This Court has original subject matter jurisdiction over this copyright infringement action, pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338(a).

10. Ozean purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

11. Mr. Wahl purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

12. Righthaven is the copyright owner of the literary work entitled, "Shutting down the Ritz" (the "Work"), attached hereto as Exhibit 2.

13. The Defendants copied, on an unauthorized basis, a substantial and significant portion of the Work from a source emanating from Nevada.

14. On or about February 10, 2010, the Defendants displayed and continue to display an unauthorized reproduction of the Work (the "Infringement"), attached hereto as Exhibit 3, on the Website.

15. The Defendants' display of the Work was and is purposefully directed at Nevada residents.

16. The Defendants' contacts with Nevada are systematic and continuous because the Defendants published and publish, on the Website, content emanating from Nevada-based daily publications.

17. The Defendants' contacts with Nevada are systematic and continuous because the Defendants published and publish, on the Website, articles of specific interest to Las Vegas, Nevada residents concerning the hospitality and tourism industry.

18. The Defendants' contacts with Nevada are systematic and continuous because the Defendants published and publish, on the Website, a gaming newsletter of specific interest to Las Vegas, Nevada residents concerning gaming industry news and updates.

**VENUE**

19. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

20. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(c), because Ozean is subject to personal jurisdiction in Nevada.

**FACTS**

21. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. §102(a)(1).

22. Righthaven is the owner of the copyright in the Work.

23. The Work was originally published on February 9, 2010.

24. On April 30, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number TX0007138816 (the "Registration") and attached hereto as Exhibit 4, is evidence of the Registration in the form of a printout of the official USCO database record depicting the occurrence of the Registration.

25. As of May 25, 2010, Mr. Wahl is, and has been at all times relevant to this lawsuit, the owner of Ozean.

26. No later than February 10, 2010, the Defendants displayed the Infringement on the Website.

27. The Defendants did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

28. The Defendants were not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

## CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

29. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 28 above.

30. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. §106(1).

31. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. §106(2).

32. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. §106(3).

33. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. §106(5).

34. The Defendants reproduced the Work, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

35. The Defendants created an unauthorized derivative of the Work, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

36. The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

37. The Defendants publicly displayed and continue to display an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

38. Ozean has willfully engaged in the copyright infringement of the Work.

39. Mr. Wahl has willfully engaged in the copyright infringement of the Work.

40. The Defendants acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

41. Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by Mr. Wahl of the Work, pursuant to 17 U.S.C. §502.

## **PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain the Defendants, and the Defendants' officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under the Defendants, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct the Defendants to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

   a. All evidence and documentation relating in any way to Defendants' use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

   b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendants have communicated regarding the Defendants' use of the Work; and

   c. All financial evidence and documentation relating to the Defendants' use of the Work;

3. Direct Namebargain and any successor domain name registrar for the Domain to lock the Domain and transfer control of the Domain to Righthaven;

4. Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. §504(c);

5. Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. §505;

6. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7. Grant Righthaven such other relief as this Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Righthaven requests a trial by jury pursuant to Fed.R.Civ.P. 38.

Dated this twenty-seventh day of May, 2010.

          RIGHTHAVEN LLC

          By: /s/ J. Charles Coons
          STEVEN A. GIBSON, ESQ.
          Nevada Bar No. 6656
          J. CHARLES COONS, ESQ.
          Nevada Bar No. 10553
          9960 West Cheyenne Avenue, Suite 210
          Las Vegas, Nevada 89129-7701
          Attorneys for Plaintiff